1
2
3
4
5
6
7
8   **UNITED STATES DISTRICT COURT**
9   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
10

11   STEVE SFERA,                              )       Case No. CV 09-3905-TJH (JWJ)
                                               )
12                    Petitioner,              )       **MEMORANDUM AND ORDER**
                                               )       **DISMISSING PETITION FOR**
13            v.                               )       **WRIT OF HABEAS CORPUS**
                                               )       **WITH LEAVE TO AMEND**
14   DEBRA HERNDON, Warden,                    )
     et al.,                                   )
15                                             )
                      Respondents.             )
16                                             )
                                               )
17   _____           )

18                          **I.  BACKGROUND**

19        On June 1, 2009, petitioner Steve Sfera, a state prisoner proceeding pro

20   se, filed in this Court a "Petition for Writ of Habeas Corpus by a Person in

21   State Custody 28 U.S.C. § 2254" (hereinafter "Petition").[1]  As required by

22   28 U.S.C. § 2243, the Court has screened the Petition pursuant to federal

23   law, including, inter alia, the Federal Rules of Civil Procedure, the Rules

24   Governing Section 2254 Cases, and the Local Rules of the Central District of

25   California.

26        The Court's screening has revealed that petitioner seeks relief from an

27

28        [1] Plaintiff included three pages between pages 6 and 7 of the Petition.  For
     clarity, this Court has numbered these pages as "6a," "6b," and "6c," respectively.

1   August 28, 2007 conviction in Los Angeles County Superior Court for petty
2   theft, second degree burglary, and second degree robbery.  (Petition, p. 2.)
3   On January 22, 2009, the California Court of Appeal affirmed petitioner's
4   conviction.  (See The People v. Sfera, Case No. B203231.)  The California
5   Supreme Court denied review on April 1, 2009.  (See People v. Sfera, Case
6   No. S170773.)

7        It appears that petitioner filed a state habeas petition on December 12,
8   2007 in the California Court of Appeal, which was denied on December 26,
9   2007.  (See Sfera v. The People, Case No. B204298.)  Petitioner filed another
10   state habeas petition in the California Court of Appeal on July 23, 2008; the
11   petition was denied on August 25, 2008.  (See Sfera v. The People et al., Case
12   No. B209476.)  Petitioner also filed a state habeas petition in the California
13   Supreme Court on October 27, 2008; that petition was denied on May 13,
14   2009.  (See Sfera (Steve) On H.C., Case No. S167830.)[2]

15        The instant Petition appears to present the following eight grounds for
16   relief: 1) an assault by "CASD" and "Home Depot" caused a delay in
17   plaintiff's arraignment; (2) probable cause regarding the alleged crime was not
18   established; (3) unspecified parties forged documents and petitioner was
19   illegally committed; (4) unspecified counsel rendered ineffective assistance;
20   (5) the District Attorney "amended 211" in order to "punish [petitioner] for
21   finding out [that all of his] rights [were] violated;" (6) no evidence supports
22   petitioner's conviction for petty theft; (7) no evidence supports petitioner's
23   conviction for burglary; and (8) transcripts from plaintiff's preliminary
24   hearing contain no evidence that petitioner used force or fear during the
25   alleged crime.

26

27        [2] Petitioner also appears to indicate that he filed a state habeas petition in the
    Los Angeles County Superior Court on an unspecified date, and that the petition
28   was denied on an unspecified date.  (Petition, p. 4.)

2

1   (Petition, pp. 5-6c.)

2      For the reasons discussed below, the petition is dismissed with leave to

3   amend.

4

5                              **II.  DISCUSSION**

6   **A.      Exhaustion of State Remedies Is Required.**

7      A prerequisite to obtaining federal habeas corpus relief is the exhaustion

8   of available state judicial remedies.  28 U.S.C. § 2254(b); <u>Picard v. Connor</u>,

9   404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  Federal courts

10  are required to give the states an initial opportunity to correct alleged

11  violations of their prisoner's federal rights.  <u>Duncan v. Henry</u>, 513 U.S. 364,

12  365-66, 115

13  S. Ct. 887, 130 L. Ed. 2d 865 (1995).  Moreover, a federal court will not

14  review a petition for writ of habeas corpus unless it appears that the prisoner

15  has exhausted available state remedies on <u>each and every</u> claim presented.

16  <u>See</u> 28 U.S.C. § 2254(b), (c); <u>Rose v. Lundy</u>, 455 U.S. 509, 522, 102 S. Ct.

17  1198, 71 L. Ed. 2d 379 (1982).  Petitioner has the burden of pleading

18  exhaustion in his habeas petition.  <u>See</u> <u>Cartwright v. Cupp</u>, 650 F.2d 1103,

19  1104 (9th Cir. 1981).

20      A petitioner has satisfied the exhaustion requirement if (1) he has

21  "fairly presented" his federal claim to the highest state court with jurisdiction

22  to consider it; <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed.

23  2d 3 (1982); <u>Picard v. Connor</u>, 404 U.S. at 275; or (2) he demonstrates that

24  no state remedy remains available.  <u>Batchelor v. Cupp</u>, 693 F.2d 859, 862

25  (9th Cir. 1982); <u>see</u> 28 U.S.C. § 2254(c).  In California, the highest state court

26  is the California Supreme Court.

27      In order to "fairly present" a federal claim, the prisoner must describe in

28  the state court proceedings <u>both</u> the operative facts and the precise federal

                                        3

1  legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. at

2  365-66; Anderson v. Harless, 459 U.S. at 6.  It is not enough that the claims

3  presented in state court are "essentially the same" as the claims presented in

4  federal court.  Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).  A

5  prisoner who has failed to present his habeas corpus claims in a petition for

6  discretionary review to a state court of last resort has not properly presented

7  his claims to the state courts.  O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.

8  Ct. 1728, 144 L. Ed. 2d 1 (1999).

9       The appropriate time to assess whether a prisoner has exhausted his

10 state remedies is when the federal habeas petition is filed.  See Gatlin v.

11 Madding, 189 F.3d 882, 889 (9th Cir.), cert. denied, 528 U.S. 1087 (2000)

12 (citing Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)).  A district court

13 must dismiss a habeas petition containing unexhausted claims.  See Rose v.

14 Lundy, 455 U.S. at 522; Calderon v. United States District Court (Gordon),

15 107 F.3d 756, 760 (9th Cir. 1997).

16      It appears from the face of the Petition that petitioner has not

17 exhausted claim six.  (Petition, p. 6a.)  Specifically, petitioner has not

18 presented the following ground to the California Supreme Court: No evidence

19 supports petitioner's conviction for petty theft.  (Id.)  Accordingly, petitioner

20 must remedy this deficiency in one of several ways.

21 **B.    Remedies**

22      If petitioner desires to proceed on his exhausted claims, he may

23 voluntarily dismiss his unexhausted claim six and proceed with his exhausted

24 claims only.  See Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 161

25 L. Ed. 2d 440 (2005) (petitioner should be allowed to delete unexhausted

26 claims and proceed with the exhausted claims); Rose v. Lundy, 455 U.S. at

27 520 (petitioner may amend petition to delete unexhausted claims, rather than

28 returning to state court to exhaust all of his claims); see also James v. Giles,

4

221 F.3d 1074, 1077 (9th Cir. 2000) (petitioner has right to amend mixed petition to delete unexhausted claims as alternative to suffering dismissal). To do this, petitioner may either file a First Amended Petition containing only the exhausted claims, or move the court for a voluntary dismissal of the unexhausted claim six.

Alternatively, petitioner may delete the unexhausted claim six, and move the Court to stay the instant action and hold it in abeyance. Calderon v. United States District Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (citing Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993)) (court has discretion to stay valid petition containing only exhausted claims); see Rhines v. Weber, 544 U.S. at 277 (court may stay mixed petition only under "limited circumstances").  The Court notes that a stay of an exhausted petition should only be granted if the claims the petitioner seeks to pursue are cognizable under § 2254, there is a likelihood of prejudice to the petitioner if the stay is not granted, and there is no evidence that the motion for a stay is brought to delay, to vex, or to harass, or that the request is an abuse of the writ.  See Fetterly v. Paskett, 997 F.2d at 1301-02; see also Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).  Assuming the Court grants a stay, petitioner may, once the unexhausted claim is exhausted, again move to amend the pending federal habeas petition to include the newly-exhausted claim from the state court.  James v. Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2001); Calderon v. Taylor, 134 F.3d at 988.

If petitioner seeks to amend a stayed Petition, the later Petition must only present those claims that were presented in the original Petition; claims asserted for the first time in a First Amended Petition that were not "newly discovered" or subject to some other exception may be barred from amendment into the original, stayed petition by Federal Rule of Civil Procedure 15(c).  See Ford v. Hubbard, 305 F.3d 875, 889-90 (9th Cir. 2002).

Finally, petitioner may elect to voluntarily dismiss the Petition in its entirety, pursuant to Federal Rule of Civil Procedure 41(a). Petitioner may then return to state court to exhaust all of his claims before proceeding with a federal habeas petition. When a petition is dismissed without prejudice for failure to exhaust state remedies and was unadjudicated on its merits, a second or subsequent habeas petition raising the claims raised in the first petition is not barred and may be filed without prior permission from a court of appeals. See Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); In re Turner, 101 F.3d 1323 (9th Cir. 1997). However, unlike the first two options, voluntary dismissal does not preserve the original filing date of the Petition. Therefore, voluntary dismissal does not relieve petitioner from the duty of complying with the statute of limitations set forth at 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future petitions for writ of habeas corpus filed in this Court.

## ORDER

Accordingly, for all of the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

The Petition is **dismissed with leave to amend** in light of the Petition's deficiencies, as discussed above.

If petitioner should elect to file a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("First Amended Petition"), he shall have **twenty-one (21) days** from the date of this Order to do so. The First Amended Petition must comply with all the applicable provisions of the Federal Rules of Civil Procedure, the Rules Governing Section 2254 Cases in the United States District Courts, and the Local Rules for the Central District of California.

1       The First Amended Petition must be labeled with the case number
2   assigned to this case and must be labeled "First Amended Petition."  In
3   addition, petitioner is informed that the Court cannot refer to a prior pleading
4   in order to make petitioner's First Amended Petition complete.  Local Rule
5   15-2 requires that an amended pleading be complete in and of itself without
6   reference to any prior pleading.  This is because, as a general rule, an amended
7   pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57
8   (9th Cir. 1967).

9       Petitioner must use and complete the form "Petition for Writ of Habeas
10   Corpus by a Person in State Custody" required by the Court for the First
11   Amended Petition.  The Court Clerk is hereby ordered to provide petitioner's
12   attorney with a copy of the form Petition.  The First Amended Petition must
13   comply with any and all instructions in the form Petition.

14       **IT IS FURTHER ORDERED** that if petitioner should elect to file a
15   First Amended Petition, the First Amended Petition must contain only
16   exhausted claims.  See Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct.
17   1595, 1604, 146 L. Ed. 2d 542 (2000) (once petitioner is made aware of
18   exhaustion requirement, no reason exists for him not to exhaust all potential
19   claims before returning to federal court).  Any future petition for writ of
20   habeas corpus filed with this Court which contains unexhausted claims may
21   be dismissed with prejudice for failure to comply with this Court's order.
22   Federal Rule of Civil Procedure 41(b); see also Slack v. McDaniel, 529 U.S. at
23   487.

24       Failure to file a First Amended Petition, Request to Delete Unexhausted
25   Claim and Proceed on Exhausted Claims, Request to Delete Unexhausted
26   Claim and Stay Action, or Notice of Request for Voluntary Dismissal in
27   accordance with this Order will result in a recommendation that this action be
28   dismissed without prejudice for failure to prosecute and/or failure to comply

1   with this Court's order.  See Fed. R. Civ. P. 41(b); Local Rules – Central

2   District of California, Local Rule 41-1; see also Link v. Wabash R.R., 370

3   U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).[3]

4   DATED: July 7, 2009

5                                    _____

6                                    TERRY J. HATTER, JR.
                                     United States District Judge

7   Presented by:

8   DATED: July 6, 2009

9

10  _____/s/_____

11      JEFFREY W. JOHNSON
        United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26      [3] This dismissal does not relieve petitioner from the duty of complying with

27  the statute of limitations set forth at 28 U.S.C. § 2244(d), as amended by the
    Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future

28  petitions for writ of habeas corpus filed in this Court.

                                        8